**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIMON WENCESLAO LOPEZ-RENDON, | No.　21-70298 |
| Petitioner, | Agency No. A205-991-690 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026[**]
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB,[***] District
Judge.

　　Simon Wenceslao Lopez Rendon, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable John W. Holcomb, United States District Judge for the
Central District of California, sitting by designation.

appeal from an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the BIA adopted and affirmed the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both the IJ's and BIA's decisions. *See Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025). We review the agency's denials of asylum, withholding of removal, and CAT relief for substantial evidence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      We lack jurisdiction to review the BIA's determination that an asylum application is untimely, *see Lopez v. Garland*, 116 F.4th 1032, 1045 (9th Cir. 2024), but may review the agency's determination that an untimely application may be tolled for changed or extraordinary circumstances, *see Ruiz v. Bondi*, 163 F.4th 586, 599 (9th Cir. 2025). Here, the agency concluded that Lopez Rendon's asylum application was untimely and that it did not qualify for equitable tolling. In the instant petition for review, Lopez Rendon does not contest the agency's untimeliness or no extraordinary circumstances determinations. He is therefore statutorily ineligible for asylum. *See* 8 U.S.C. § 1158(a)(3); *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that the petitioner forfeited an argument by failing to develop it "specifically and distinctly" in his opening brief (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

2.    Substantial evidence supports the agency's denial of withholding of removal.  Withholding of removal is proper if the petitioner's "life or freedom would be threatened" in the country of removal "because of the alien's religion, nationality, membership in a particular social group, or political opinion."   8 U.S.C. § 1231(b)(3)(A).  When an applicant seeks asylum or withholding of removal based on membership in a "particular social group," the applicant must demonstrate (1) "the existence of a cognizable particular social group," (2) "his membership in that particular social group," and (3) "a risk of persecution on account of his membership in the specified particular social group."  *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014)).  An applicant for withholding of removal must also prove that any harm he suffered or fears was or will be "by government officials or by individuals that the government is unable or unwilling to control."  *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009).

The agency denied withholding because it determined that Lopez Rendon's proposed particular social group of "Mexican nationals who have spent a long period of time in the United States and who fear return to Mexico due to the gang violence in that country" is not legally cognizable.  On appeal, Lopez Rendon urges that evidence in the record establishes that "he was subjected to threats on his life in Mexico for which the police refused to assist him."  But Lopez Rendon does not

3

contest the agency's dispositive conclusion that he failed to establish membership in a legally cognizable particular social group. Denial of his claim was thus proper. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804–05 (9th Cir. 2022) (finding forfeiture when petitioner failed to contest the agency's determination that "petitioner's proposed particular social group [w]as not legally cognizable").

3.      Substantial evidence also supports the agency's denial of CAT protection because Lopez Rendon has not established that he will likely face any particularized threat of torture by or with the acquiescence of officials in Mexico. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). Lopez Rendon again claims that Mexican authorities are unwilling or unable to protect him, but "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016); *see also* 8 C.F.R. § 208.18(a)(7). And Lopez Rendon's generalized country conditions evidence does not compel the conclusion that he faces a "particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

4.      Lopez Rendon argues that his due process rights were violated because

the IJ failed to give him the proper advisals regarding voluntary departure, including notice of the requirement to submit to the BIA proof of having paid the voluntary departure bond. *See* 8 C.F.R. § 1240.26(c)(3)(ii). But as the government points out, Lopez Rendon failed to exhaust any such contention, and thus we may not consider it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (explaining that § 1252(d)(1) is a claim-processing rule that must be enforced when it is properly raised).

Even if Lopez Rendon had exhausted this issue, we would find no due process violation. At the removal hearing, he waived a formal reading of all of his rights and advisals through counsel. Lopez Rendon does not argue that this waiver was involuntary. The record also contains a written notice advising Lopez Rendon that he "must provide to the [BIA], within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond" and that the BIA "will not reinstate the voluntary departure period in its final order if [he] do[es] not submit timely proof to the [BIA] that the voluntary departure bond has been posted."

5. Lopez Rendon also seeks to raise a claim of ineffective assistance of counsel based on his prior counsel's failure to submit documentary evidence and an appellate brief to the agency. But "[t]he proper way to raise and exhaust an ineffective assistance of counsel claim," we have explained, "is through a motion to reopen before the agency." *Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir.

5

2021); 8 U.S.C. § 1252(d)(1). We may not review Lopez Rendon's ineffective assistance of counsel claim for the first time on appeal. *See id.*

The temporary stay of removal shall remain in place until the mandate issues. The motion for a stay of removal (Dkt. Nos. 1, 5) is otherwise denied.

**PETITION DENIED.**